TRAVIS GORDON JONES
REG. NO. 18171-029
FCI JESUP
FEDERAL CORR. INSTITUTION
2680 301 SOUTH
JESUP, GA 31599


RECEIVED
JUL 06 2026
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

June 30, 2026

Ms. Susan E. Bindler
Clerk of Court
United States Court of Appeals
For The Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
St. Louis, Missouri 63102

RE:  *United States v. Travis Gordon Jones*
No. 26-2167

Dear Ms. Bindler:

Enclosed please find and accept for filing Motion to Vacate Summary Affirmance, Reinstate Appeal, Stay Issuance of Mandate, and Permit Filing of Appellant's Opening Brief, which is attached as Exhibit A. Please submit this motion and its exhibit to the Court.

Thank you for your assistance in this matter.

Sincerely,

TRAVIS GORDON JONES
Appearing *Pro Se*

*Encls. as Noted*

FILED

JUL 0 7 2026

U.S. Court of Appeals
Eighth Circuit

RECEIVED

JUL 0 7 2026

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff-Appellee,     )
                                    )
v.                                  )           No. 26-2167
                                    )
TRAVIS GORDON JONES,                )
                                    )
            Defendant-Appellant.    )

## MOTION TO VACATE SUMMARY AFFIRMANCE, REINSTATE APPEAL, STAY ISSUANCE OF MANDATE, AND PERMIT FILING OF APPELLANT'S OPENING BRIEF

COMES NOW Appellant, Travis Gordon Jones, appearing *pro se*, and respectfully moves this Court for an Order vacating the June 17, 2026 summary affirmance, reinstating the appeal, staying issuance of the mandate, and permitting the filing of the attached Appellant's Opening Brief.[1]

This filing is not primarily a petition for panel rehearing under Federal Rule of Appellate Procedure 40. Appellant does not seek reconsideration of arguments previously presented to the Court. Rather, Appellant seeks reinstatement of his appeal because judgment was entered pursuant to Eighth Circuit Rule 47A(a) before Appellant received a briefing schedule or an opportunity to submit an opening brief identifying the issues he seeks to raise on appeal. Indeed, the appellate docket reflects that this appeal was docketed on June 12, 2026, submitted to a panel on June 16, 2026, and terminated on June 17, 2026. Thus, the appeal was resolved within five days of docketing and one day after submission without the filing of any merits brief by either party.

---

[1] "Opening Brief" refers to the proposed Appellant's Opening Brief attached as Exhibit A and tendered contemporaneously with this motion solely for purposes of demonstrating the issues Appellant seeks to present should the appeal be reinstated.

Appellate Case: 26-2167     Page: 2     Date Filed: 07/07/2026 Entry ID: 5658739

Appellant respectfully submits that reinstatement would serve the interests of justice, would not prejudice the Government, and would permit this Court to consider the issues presented after full briefing rather than before any merits brief has been filed. In support of this motion, Appellant would show as follows:

## I. PROCEDURAL HISTORY

On February 5, 2026, Appellant Travis Gordon Jones ("Jones") filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) in the United States District Court for the Northern District of Iowa. See Dist. Ct. Doc. 132.[2]

On February 27, 2026, the district court entered an Order denying Jones's motion for compassionate release. See Dist. Ct. Doc. 133. The district court denied relief without directing the Government to file a response to the motion. See *Id.*

On May 20, 2026, Jones filed a Motion for Reconsideration of the Order denying compassionate release. See Dist. Ct. Doc. 134. The district court denied reconsideration the following day on May 21, 2026. See Dist. Ct. Doc. 135.

Jones thereafter filed a timely Notice of Appeal seeking review of the denial of compassionate release and the denial of reconsideration. See Dist. Ct. Doc. 136. The appeal was docketed in this Court as Case No. 26-2167 on June 12, 2026. See Eighth Circuit Docket Report, Entry No. 5650587.

The Eighth Circuit docket reflects that on June 12, 2026, the Clerk received and docketed

---

[2]

References to "Dist. Ct. Doc. ___" are to docket entries in *United States v. Jones*, No. 2:19-cr-01037-CJW-MAR-1 (N.D. Iowa). References to "8th Cir. Dkt. Entry No. ___" are to entries appearing on the docket of this appeal, No. 26-2167. References to "Judgment" refer to this Court's June 17, 2026 Judgment summarily affirming the district court pursuant to Eighth Circuit Rule 47A(a). References to "June 17 Letter" refer to the Clerk of Court's correspondence dated June 17, 2026 accompanying the Judgment.

the district court record, including the compassionate release motion, the district court's order denying relief, the order denying reconsideration, and the notice of appeal. See Eighth Circuit Docket Report, Entry No. 5650594.

Four days later, on June 16, 2026, the appeal was submitted to a panel consisting of Circuit Judges Loken, Benton, and Shepherd. See Eighth Circuit Docket Report, Entry No. 5651855.

On June 17, 2026, one day after submission and only five days after the appeal was docketed, this Court entered judgment summarily affirming the district court pursuant to Eighth Circuit Rule 47A(a). See Judgment, No. 26-2167 (June 17, 2026); Eighth Circuit Docket Report, Entry No. 5651859.

Significantly, the appellate docket does not reflect the issuance of a briefing schedule, an opening brief deadline, the filing of an opening brief by Jones, the filing of a response brief by the Government, or any motion seeking summary affirmance. See Eighth Circuit Docket Report. Rather, the appeal was docketed, submitted, and summarily affirmed before Jones was afforded an opportunity to file an opening brief identifying the issues he sought to present for appellate review.

Jones did not receive notice of the June 17, 2026 Judgment and accompanying letter from the Clerk of Court until June 26, 2026, while incarcerated at FCI Jesup. Upon receiving notice, Jones acted diligently and promptly prepared the present motion seeking reinstatement of his appeal and leave to file the attached Appellant's Opening Brief before issuance of the mandate.

## II. REINSTATEMENT IS APPROPRIATE BECAUSE APPELLANT WAS NEVER AFFORDED AN OPPORTUNITY TO FILE AN OPENING BRIEF

This Court possesses the inherent authority to control its judgments and mandate and to modify or vacate its prior orders where necessary to serve the interests of justice. See *Calderon v.*

3

*Thompson*, 523 U.S. 538, 549-50 (1998) (recognizing appellate courts' inherent authority over their judgments and mandates).

This case does not involve a request for a second opportunity to litigate issues that were previously briefed and rejected. Rather, Jones seeks his first opportunity to present the issues he intends to raise on appeal.

The procedural history is undisputed. Jones filed a notice of appeal challenging the district court's denial of compassionate release and denial of reconsideration. See Dist. Ct. Docs. 133, 135, 136. The appeal was docketed in this Court on June 12, 2026. See 8th Cir. Dkt. Entry No. 5650587.

On June 16, 2026, the appeal was submitted to a panel of this Court. See 8th Cir. Dkt. Entry No. 5651855.

On June 17, 2026, this Court entered judgment summarily affirming pursuant to Eighth Circuit Rule 47A(a). See Judgment; 8th Cir. Dkt. Entry No. 5651859.

Significantly, the appellate docket reflects no briefing schedule, no opening brief deadline, no opening brief filed by Jones, no response brief filed by the Government, and no motion for summary affirmance filed by the Government. See 8th Cir. Docket Report. Thus, the appeal was docketed, submitted, and summarily affirmed before Jones was afforded an opportunity to file an opening brief identifying the issues he sought to present for appellate review.

Jones does not challenge this Court's authority under Eighth Circuit Rule 47A(a). Rather, Jones respectfully submits that reinstatement is warranted because the Court entered judgment without the benefit of adversarial briefing and without the benefit of Appellant's presentation of the issues he seeks to raise. The attached Opening Brief demonstrates that Jones intends to raise specific issues concerning the district court's denial of compassionate release and denial of reconsideration.

4

Those issues were never presented to this Court prior to entry of judgment.

Reinstatement would not prejudice the Government. The Government did not file a response to Jones's compassionate release motion in the district court, and reinstatement would merely permit the appeal to proceed through the ordinary appellate process with briefing from both parties. Conversely, denial of reinstatement would permanently foreclose appellate consideration of issues that have never been presented through merits briefing.

Under these circumstances, Jones respectfully submits that the interests of justice favor vacatur of the June 17, 2026 Judgment, reinstatement of the appeal, and acceptance of the attached Opening Brief for filing.

The Court should also consider that Jones has proceeded without counsel throughout these proceedings. It is well established that pro se pleadings are held to less stringent standards than pleadings drafted by attorneys and should be liberally construed. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

Jones does not contend that his *pro se* status entitles him to special treatment or exemption from applicable procedural rules. Rather, he respectfully submits that the Court should construe the present filing according to its substance rather than its title and should resolve any uncertainty concerning the procedural vehicle employed in favor of reaching the merits of the relief requested.

## III. ALTERNATIVE REQUEST FOR RELIEF BASED UPON DELAYED RECEIPT OF THE JUDGMENT

To the extent this Court concludes that the present motion should be construed, in whole or in part, as a petition for rehearing under Federal Rule of Appellate Procedure 40, Jones respectfully

5

requests that the Court consider the circumstances surrounding his receipt of notice of the Judgment.

The Judgment in this case was entered on June 17, 2026. Judgment. On the same date, the Clerk of Court transmitted a letter advising Jones that any petition for rehearing must be filed within fourteen days of entry of judgment. See June 17, 2026 Letter.

Jones, however, is an incarcerated federal prisoner housed at FCI Jesup and is entirely dependent upon institutional mail procedures for receipt of court correspondence. Jones did not receive the June 17, 2026 Judgment and accompanying letter until June 26, 2026.

Upon receipt of the Judgment, Jones acted diligently and without delay to prepare the present motion and accompanying Opening Brief. Any delay between entry of judgment and Jones's receipt of notice was caused by institutional mail processing procedures beyond his control and was not the result of any lack of diligence on his part.

Moreover, this case presents unusual circumstances. Jones is not seeking reconsideration of arguments previously presented to the Court. Rather, he seeks an opportunity to present arguments that were never previously briefed before entry of judgment. As a result, the concerns ordinarily associated with untimely requests for rehearing are not present here.

Accordingly, if this Court determines that any portion of the present filing is governed by Federal Rule of Appellate Procedure 40, Jones respectfully requests that the Court excuse any perceived timeliness issue, construe the filing liberally in light of his *pro se* status, and consider the motion on its merits.

Jones further notes that the mandate has not yet issued. Consequently, the Court retains full authority over its judgment and possesses ample discretion to grant the relief requested herein prior to issuance of the mandate.

6

## IV. THE INTERESTS OF JUSTICE FAVOR VACATUR OF THE JUNE 17, 2026 JUDGMENT AND REINSTATEMENT OF THE APPEAL

The relief requested by Jones is narrow and practical. Jones is not seeking a ruling on the merits of his compassionate release motion through the present filing. Nor is he asking this Court to immediately reverse the district court.

Instead, Jones seeks an opportunity to participate in the ordinary appellate process before his appeal is terminated.

The record establishes that the appeal was docketed on June 12, 2026, submitted to a panel on June 16, 2026, and summarily affirmed on June 17, 2026. See 8th Cir. Dkt. Entry Nos. 5650587, 5651855, and 5651859. The record further establishes that no briefing schedule was issued and no opening brief was filed before entry of judgment. See 8th Cir. Docket Report.

Under these circumstances, Jones respectfully submits that the interests of justice favor allowing the appeal to proceed through the normal appellate process. The Supreme Court has long emphasized that matters should, whenever reasonably possible, be resolved on their merits rather than through procedural technicalities. See *Foman v. Davis*, 371 U.S. 178, 181-82 (1962).Reinstatement would permit consideration of the issues identified in the attached Opening Brief, would not prejudice the Government, and would ensure that the Court's ultimate disposition is made with the benefit of adversarial briefing.

Because the mandate has not yet issued, the Court retains authority to modify or vacate its judgment. Jones therefore respectfully requests that the Court vacate the June 17, 2026 Judgment, reinstate the appeal, stay issuance of the mandate pending resolution of this motion, and direct the Clerk to accept the attached Opening Brief for filing.

7

Appellate Case: 26-2167    Page: 8    Date Filed: 07/07/2026 Entry ID: 5658739

# V. CONCLUSION

WHEREFORE, Appellant Travis Gordon Jones respectfully requests that this Court:

A.    Vacate the June 17, 2026 Judgment entered pursuant to Eighth Circuit Rule 47A(a);

B.    Reinstate Appeal No. 26-2167;

C.    Stay issuance of the mandate pending disposition of the present motion;

D.    Direct the Clerk to accept the attached Appellant's Opening Brief for filing and establish an appropriate briefing schedule;

E.    Alternatively, to the extent the Court construes this filing as a petition for rehearing under Federal Rule of Appellate Procedure 40, grant rehearing and permit the filing of the attached Opening Brief; and

F.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 30, 2026

TRAVIS GORDON JONES
REG. NO. 18171-029
FCI JESUP
FEDERAL CORR. INSTITUTION
2680 301 SOUTH
JESUP, GA 31599

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, a true and correct copy of the above and foregoing Motion to Vacate Summary Affirmance, Reinstate Appeal, Stay Issuance of Mandate, and Permit Filing of Appellant's Opening Brief was sent via First Class U. S. Mail, postage prepaid, to Dan Chatham, Assistant U.S. Attorney at U. S. Attorney's Office, 111 7th Avenue SE, Box 1, Cedar Rapids, IA 52401.

TRAVIS GORDON JONES

8

Appellate Case: 26-2167    Page: 9    Date Filed: 07/07/2026 Entry ID: 5658739

Appellate Case: 26-2167     Page: 10     Date Filed: 07/07/2026 Entry ID: 5658739

PRESS FIRMLY TO SEAL

FSC

PAPER POUCH

PRESS FIRMLY

**UNITED STATES POSTAL SERVICE** ®

PRIORITY MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international d
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com.*

** See International Mail Manual at *http://pe.usps.com* for availability and limitations of cover

To schedule free Pac scan the QR

USPS.COM/PI

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

## TRACKED ■ INSURED

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

PAPER POUCH

This package is made from post-consumer waste. Please recycle - again.

**UNITED STATES POSTAL SERVICE.**   **Click-N-Ship®**

usps.com
$9.57
US POSTAGE

9405 5301 0935 5399 3941 83 0095 7000 0705 2401

**U.S. POSTAGE PAID**

06/30/2026
0 lb 8 oz

Mailed from 31599   941542768882698

### PRIORITY MAIL®

REG. NO. 18171-028, FCI JESUP
TRAVIS G JONES
2680 301 SOUTH
JESUP GA 31599-0001

Created 2026-06-30
Flat Rate Envelope
**RDC 03**

**C002**

XRAYED US MARSHALS SERVICE

CLERK OF COURT, NORTHEN DISTRICT OF IO
PAUL YOUNG
111 7TH AVE SE
CEDAR RAPIDS IA 52401-2101

**USPS TRACKING #**

**9405 5301 0935 5399 3941 83**