# IN THE UNITED STATES COURT OF APPEALS

## FOR THE EIGHTH CIRCUIT

No. 26-2167

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TRAVIS GORDON JONES,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION
HONORABLE C.J. WILLIAMS
CHIEF UNITED STATES DISTRICT JUDGE

## APPELLANT'S OPENING BRIEF

> TRAVIS GORDON JONES
> Reg. No. 18171-029
> FCI JESUP
> Federal Correctional Institution
> 2680 Highway 301 South
> Jesup, Georgia 31599
> Defendant-Appellant, *Pro Se*

EXHIBIT-A

Appellate Case: 26-2167     Page: 1     Date Filed: 07/07/2026 Entry ID: 5658739

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE EIGHTH CIRCUIT

No. 26-2167

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TRAVIS GORDON JONES,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
· EASTERN DIVISION
HONORABLE C.J. WILLIAMS
CHIEF UNITED STATES DISTRICT JUDGE

## APPELLANT'S OPENING BRIEF

TRAVIS GORDON JONES
Reg. No. 18171-029
FCI JESUP
Federal Correctional Institution
2680 Highway 301 South
Jesup, Georgia 31599

Defendant-Appellant, *Pro Se*

Appellate Case: 26-2167     Page: 2     Date Filed: 07/07/2026 Entry ID: 5658739

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    I.    The District Court Abused Its Discretion By Failing To Adequately Consider Jones's Individualized Circumstances . . . . . . . . . . . . . . . . . 11

    II.   The District Court Failed To Evaluate The Combined Effect Of Jones's Circumstances . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    III.   The District Court Misapplied The § 3553(a) Factors . . . . . . . . . . . 16

    IV.   Fernandez and Rutherford Do Not Foreclose Relief In This Case. . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Appellate Case: 26-2167     Page: 3     Date Filed: 07/07/2026 Entry ID: 5658739

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page**

*United States v. Avalos Banderas*, 39 F.4th 1059 (8th Cir. 2022). . . . . . . . . . . 8, 13

*Concepcion v. United States,* 597 U.S. 481 (2022) . . . . . . . . . . . . . . . . 2, 11, 14

*Fernandez v. United States*, 606 U.S. ___ (2026) . . . . . . . . . . . . . . . 3, 10, 17, 18

*Pepper v. United States,* 562 U.S. 476 (2011) . . . . . . . . . . . . . . . . . . 2, 13, 14, 16

*United States v. Rodd,* 966 F.3d 740 (8th Cir. 2020). . . . . . . . . . . . . . 1, 2, 8, 11, 16

*Rutherford v. United States*, 606 U.S. ___ (2026) . . . . . . . . . . . . . . . . 3, 10, 17, 18

**Statutes**

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 16

18 U.S.C. § 3582(c)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 13, 17

18 U.S.C. § 3742(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**Guidelines**

USSG § 1B1.13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13, 19

**Rules**

Fed. R. App. P. 32(a)(5), (a)(6) & (a)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Appellate Case: 26-2167     Page: 4     Date Filed: 07/07/2026 Entry ID: 5658739

# JURISDICTIONAL STATEMENT

This appeal arises from the district court's denial of Defendant-Appellant Travis Gordon Jones's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).

The United States District Court for the Northern District of Iowa possessed jurisdiction over the underlying criminal case pursuant to 18 U.S.C. § 3231 because Mr. Jones was charged with and convicted of offenses against the laws of the United States.

On February 27, 2026, the district court entered an Order denying Mr. Jones's Motion for Compassionate Release. Dist. Ct. Doc. 133. Mr. Jones thereafter filed a Motion for Reconsideration, which the district court denied on May 21, 2026. See Dist. Ct. Docs. 134, 135. Mr. Jones timely filed a Notice of Appeal on June 8, 2026. Dist. Ct. Doc. 136. The appeal was docketed in this Court as Case No. 26-2167.

This Court possesses appellate jurisdiction pursuant to 28 U.S.C. § 1291 because the district court's denial of compassionate release constitutes a final appealable order. See *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020). This Court also possesses jurisdiction under 18 U.S.C. § 3742(a) to review the district court's denial of a sentence-modification request under 18 U.S.C. § 3582(c)(1)(A).

Accordingly, appellate jurisdiction is proper in this Court.

1

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

I.      Whether the district court abused its discretion in denying Mr. Jones's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) by failing to adequately consider his present-day individualized circumstances, including his documented mental-health conditions, rehabilitation, institutional record, and post-sentencing conduct.

Authorities:
18 U.S.C. § 3582(c)(1)(A)
USSG § 1B1.13
*Concepcion v. United States*, 597 U.S. 481 (2022)
*United States v. Rodd*, 966 F.3d 740 (8th Cir. 2020)

II.     Whether the district court abused its discretion by evaluating Mr. Jones's asserted grounds for compassionate release in isolation rather than considering the cumulative effect of all relevant circumstances in determining whether extraordinary and compelling reasons existed.

Authorities:
18 U.S.C. § 3582(c)(1)(A)
USSG § 1B1.13
*Pepper v. United States*, 562 U.S. 476 (2011)
*Concepcion v. United States*, 597 U.S. 481 (2022)

III. Whether the district court abused its discretion in its application of the factors set forth in 18 U.S.C. § 3553(a) by focusing primarily on Mr. Jones's offense conduct and original sentence while failing to meaningfully consider his

2

Appellate Case: 26-2167     Page: 6     Date Filed: 07/07/2026 Entry ID: 5658739

rehabilitation, current mental-health condition, and demonstrated efforts toward

self-improvement during incarceration.

Authorities:
18 U.S.C. §§ 3553(a), 3582(c)(1)(A)
*Pepper v. United States,* 562 U.S. 476 (2011)
*United States v. Rodd,* 966 F.3d 740 (8th Cir. 2020)

      IV.    Whether *Fernandez* and *Rutherford* Foreclose Relief in this Case.

Authorities:
18 U.S.C. § 3582(c)(1)(A)
USSG § 1B1.13
*Concepcion v. United States*, 597 U.S. 481 (2022)
*Fernandez v. United States*
*Rutherford v. United States*

3

Appellate Case: 26-2167    Page: 7    Date Filed: 07/07/2026 Entry ID: 5658739

## STATEMENT OF THE CASE

On May 20, 2020, a federal grand jury sitting in the Northern District of Iowa returned a Third Superseding Indictment charging Defendant-Appellant Travis Gordon Jones with multiple drug-trafficking offenses, including distribution of controlled substances resulting in death and conspiracy to distribute controlled substances. See Dist. Ct. Doc. 45.

On July 29, 2020, Mr. Jones entered a guilty plea to Count 6 of the Third Superseding Indictment, charging conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. Dist. Ct. Docs. 56, 57. In exchange for the plea, the Government agreed to dismiss the remaining counts. See Dist. Ct. Doc. 57.

On September 17, 2021, the district court sentenced Mr. Jones to a term of 420 months' imprisonment followed by six years of supervised release. See Dist. Ct. Docs. 105, 106.

Mr. Jones pursued a direct appeal. On June 1, 2022, the United States Court of Appeals for the Eighth Circuit dismissed the direct appeal in part and otherwise affirmed the judgment of the district court. See Dist. Ct. Docs. 128-131.

On February 5, 2026, Mr. Jones filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). See Dist. Ct. Doc. 132. The motion asserted that extraordinary and compelling reasons existed based upon Mr. Jones's

4

Appellate Case: 26-2167    Page: 8    Date Filed: 07/07/2026 Entry ID: 5658739

serious mental-health conditions, rehabilitation, post-sentencing conduct, and other individualized circumstances.

The Government did not file a response to the motion.

On February 27, 2026, the district court entered an Order denying compassionate release. See Dist. Ct. Doc. 133.

On May 20, 2026, Mr. Jones filed a Motion for Reconsideration, arguing that the district court had applied an overly restrictive analysis, failed to consider the totality of his circumstances, and improperly limited the scope of its authority under 18 U.S.C. § 3582(c)(1)(A). See Dist. Ct. Doc. 134.

On May 21, 2026, the district court denied reconsideration by text order. See Dist. Ct. Doc. 135.

Mr. Jones timely filed a Notice of Appeal on June 8, 2026. See Dist. Ct. Doc. 136. The appeal was docketed in this Court as Case No. 26-2167.

Appellate Case: 26-2167    Page: 9    Date Filed: 07/07/2026 Entry ID: 5658739

## STATEMENT OF FACTS

At the time he filed his motion for compassionate release, Mr. Jones was forty-four years old and incarcerated at the Federal Correctional Institution in Jesup, Georgia.

The compassionate release motion documented that Mr. Jones has long suffered from serious and chronic mental-health conditions, including schizophrenia and recurrent major depressive disorder. According to Bureau of Prisons medical records submitted with the motion, Mr. Jones is designated CARE2-Mental Health and receives ongoing psychiatric treatment while incarcerated.

The records further reflect that Mr. Jones continues to experience significant psychiatric symptoms despite treatment, including auditory hallucinations, suicidal ideation, insomnia, emotional instability, impaired functioning, and other manifestations associated with severe mental illness. Bureau of Prisons medical providers have repeatedly adjusted his medications and noted the need for continuing psychological follow-up.

The motion also detailed Mr. Jones's efforts toward rehabilitation during his incarceration. Mr. Jones presented evidence of programming, self-improvement efforts, and institutional adjustment while serving his sentence.

6

Appellate Case: 26-2167    Page: 10    Date Filed: 07/07/2026 Entry ID: 5658739

In addition, Mr. Jones asked the district court to consider the totality of his circumstances, including his medical and mental-health conditions, rehabilitation, institutional record, length of incarceration, and other post-sentencing developments.

The district court acknowledged Mr. Jones's arguments concerning his health, alleged sentencing disparity, and rehabilitation. See Dist. Ct. Doc. 133 at 1. Nevertheless, the court concluded that compassionate release was not warranted and denied relief. *Id.*

Mr. Jones subsequently sought reconsideration, arguing that the district court had evaluated each asserted ground separately rather than considering the cumulative effect of all relevant circumstances. See Dist. Ct. Doc. 134. The district court denied reconsideration without further analysis. See Dist. Ct. Doc. 135.

7

## STANDARD OF REVIEW

This Court reviews the denial of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion. See *United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020).

"A district court abuses its discretion when it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors." *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

Although district courts possess substantial discretion in resolving compassionate-release motions, that discretion must be exercised within the framework established by Congress, the Sentencing Commission, and controlling precedent.

8

## SUMMARY OF THE ARGUMENT

The district court abused its discretion in denying Jones's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Jones presented substantial evidence concerning his current individualized circumstances, including documented schizophrenia, major depressive disorder, continuing psychiatric symptoms, rehabilitation, institutional adjustment, and other post-sentencing developments. The district court acknowledged these circumstances but failed to meaningfully evaluate their significance in determining whether extraordinary and compelling reasons warranted relief.

The district court further erred by addressing Jones's asserted grounds for relief individually rather than considering their combined effect. Section 3582(c)(1)(A) and amended USSG § 1B1.13 contemplate a holistic assessment of the defendant's circumstances. By evaluating each circumstance in isolation, the district court applied an unduly restrictive analytical framework inconsistent with the compassionate-release statute and governing sentencing principles.

The district court also misapplied the factors set forth in 18 U.S.C. § 3553(a) by focusing primarily upon the original offense conduct while giving insufficient consideration to Jones's rehabilitation, current mental-health condition, and post-sentencing conduct. Compassionate release necessarily requires consideration

9

Appellate Case: 26-2167     Page: 13     Date Filed: 07/07/2026 Entry ID: 5658739

of present-day circumstances, not merely the circumstances existing at the time of sentencing.

Finally, the Supreme Court's recent decisions in *Fernandez v. United States* and *Rutherford v. United States* do not foreclose relief. Jones does not seek to use compassionate release as a substitute for habeas corpus, nor does he contend that a nonretroactive change in law independently entitles him to relief. Rather, Jones seeks review of whether the district court properly exercised its discretion when evaluating his present-day individualized circumstances. Because the district court failed to do so, the order denying compassionate release should be vacated and the case remanded for further proceedings.

Appellate Case: 26-2167    Page: 14    Date Filed: 07/07/2026 Entry ID: 5658739

## ARGUMENT

**I.**     **THE DISTRICT COURT ABUSED ITS DISCRETION BY FAILING TO MEANINGFULLY CONSIDER JONES'S DOCUMENTED MENTAL-HEALTH CONDITIONS AND OTHER PRESENT-DAY INDIVIDUALIZED CIRCUMSTANCES.**

Section 3582(c)(1)(A) requires a district court to conduct an individualized assessment of the defendant's current circumstances when determining whether extraordinary and compelling reasons warrant a sentence reduction. Although district courts possess broad discretion in resolving compassionate-release motions, that discretion must be exercised through reasoned consideration of the defendant's evidence and arguments. See *United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020).

The Supreme Court has repeatedly emphasized that sentencing determinations must be based upon the fullest and most accurate understanding of the individual defendant. See *Pepper v. United States*, 562 U.S. 476, 487-93 (2011). Likewise, the Court has reaffirmed that federal sentencing courts traditionally consider all relevant information concerning a defendant unless Congress expressly directs otherwise. *Concepcion v. United States*, 597 U.S. 481, 488-90 (2022).

Jones presented substantial evidence concerning his current mental-health condition. The motion established that he has long been diagnosed with schizophrenia

11

Appellate Case: 26-2167     Page: 15     Date Filed: 07/07/2026 Entry ID: 5658739

and recurrent major depressive disorder. See Dist. Ct. Doc. 132. Bureau of Prisons medical records reflected that Jones remained designated CARE2-Mental Health and required continuing psychiatric treatment. *Id.* The motion further documented auditory hallucinations, suicidal ideation, insomnia, emotional instability, impaired functioning, and the need for ongoing psychological intervention despite medication management. *Id.*

These were not speculative or conclusory allegations. Rather, they were supported by Bureau of Prisons medical records and reflected chronic psychiatric conditions that continued to affect Jones during his incarceration. See Dist. Ct. Doc. 132.

Jones also presented evidence concerning rehabilitation, institutional adjustment, educational efforts, and post-sentencing conduct. *Id.* Such evidence is directly relevant to the compassionate-release analysis. See *Pepper*, 562 U.S. at 491 ("evidence of postsentencing rehabilitation may be highly relevant").

The district court acknowledged that Jones relied upon his health, rehabilitation, and sentencing-related arguments. See Dist. Ct. Doc. 133 at 1. Beyond that acknowledgement, however, the order contains little meaningful discussion of the significance of Jones's documented psychiatric conditions or the manner in which those conditions affected the extraordinary-and-compelling-reasons analysis.

12

Appellate Case: 26-2167     Page: 16     Date Filed: 07/07/2026 Entry ID: 5658739

extraordinary and compelling reasons for relief, the court addressed each asserted basis separately and rejected them individually. That approach is inconsistent with both the text and purpose of 18 U.S.C. § 3582(c)(1)(A).

The compassionate-release statute does not require that any single circumstance independently satisfy the extraordinary-and-compelling standard. To the contrary, amended USSG § 1B1.13 expressly contemplates that extraordinary and compelling reasons may arise from a combination of circumstances. USSG § 1B1.13(b). The Sentencing Commission's current policy statement recognizes that courts must evaluate the entirety of a defendant's situation rather than mechanically separating each asserted ground for relief.

The Supreme Court has repeatedly emphasized that sentencing decisions require consideration of the fullest possible picture of the individual defendant. See *Pepper v. United States*, 562 U.S. 476, 487-90 (2011). In *Pepper*, the Court explained that highly relevant information concerning post-sentencing conduct must be considered because such information provides the most up-to-date picture of the defendant's history and characteristics. *Id.* at 491-93.

Likewise, *Concepcion* reaffirmed the broad discretion traditionally exercised by sentencing courts when considering sentence-modification proceedings. 597 U.S. at 488-90. The Supreme Court observed that federal courts historically have

14

Appellate Case: 26-2167    Page: 17    Date Filed: 07/07/2026 Entry ID: 5658739

considered all relevant information concerning a defendant unless Congress expressly provides otherwise. *Id.*

Jones presented multiple circumstances that, when viewed collectively, supported compassionate release. Those circumstances included severe and chronic mental illness, ongoing psychiatric symptoms despite treatment, rehabilitation, institutional adjustment, lengthy incarceration, and other post-sentencing developments. See Dist. Ct. Doc. 132. The district court, however, did not meaningfully evaluate whether the combined force of those circumstances established extraordinary and compelling reasons for relief.

Instead, the court effectively required Jones to demonstrate that each circumstance independently justified a sentence reduction. That is not the inquiry contemplated by § 3582(c)(1)(A) or amended § 1B1.13. The proper inquiry is whether all relevant circumstances, considered together, justify relief.

Because the district court failed to conduct that holistic analysis, it abused its discretion. At a minimum, remand is warranted so that the district court may evaluate Jones's motion under the proper legal framework and consider the cumulative effect of all relevant circumstances.

15

Appellate Case: 26-2167    Page: 18    Date Filed: 07/07/2026 Entry ID: 5658739

### III. THE DISTRICT COURT ABUSED ITS DISCRETION IN ITS APPLICATION OF THE § 3553(a) FACTORS.

Even where a district court concludes that extraordinary and compelling reasons exist, it must separately consider the sentencing factors set forth in 18 U.S.C. § 3553(a). See *United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020). Although district courts possess broad discretion in weighing those factors, that discretion is not unlimited.

The Supreme Court has recognized that post-sentencing rehabilitation constitutes highly relevant information when evaluating a defendant's characteristics and the purposes of sentencing. See *Pepper*, 562 U.S. at 491. Evidence of rehabilitation bears directly upon the need for continued incarceration, deterrence, protection of the public, and the defendant's history and characteristics under § 3553(a).

Here, Jones presented evidence concerning his rehabilitation, institutional adjustment, and efforts at self-improvement while incarcerated. See Dist. Ct. Doc. 132. He also presented evidence concerning his current mental-health condition and ongoing treatment needs. *Id.*

The district court nevertheless focused predominantly upon the seriousness of the original offense conduct. While the seriousness of the offense is unquestionably

16

understood, however, neither decision forecloses relief in this case.

In *Fernandez*, the Supreme Court held that compassionate release may not be used as a substitute for habeas corpus or other forms of collateral review. A defendant may not employ § 3582(c)(1)(A) as a vehicle to challenge the validity of a conviction or sentence that otherwise must be pursued through direct appeal or proceedings under 28 U.S.C. § 2255. Likewise, in *Rutherford*, the Supreme Court held that a nonretroactive change in law cannot, standing alone, create eligibility for compassionate release.

Jones does not seek relief prohibited by either decision.

First, Jones does not challenge the validity of his conviction. He does not seek vacatur of his guilty plea, reversal of his conviction, correction of an alleged constitutional error, or any other relief traditionally available through habeas corpus or § 2255 proceedings. Nor does he ask this Court to invalidate the sentence originally imposed by the district court.

Second, Jones does not contend that a nonretroactive change in law, standing alone, entitles him to compassionate release. Unlike the claims addressed in *Rutherford*, Jones's motion was not premised exclusively upon an intervening legal development. Rather, the motion presented a broad range of present-day individualized circumstances, including severe mental illness, continuing psychiatric

18

symptoms, rehabilitation, institutional adjustment, and other post-sentencing developments. See Dist. Ct. Doc. 132.

Indeed, the central premise of Jones's motion has always been that the district court should evaluate the entirety of his current circumstances under the framework established by § 3582(c)(1)(A) and USSG § 1B1.13. The motion did not rely upon any single circumstance as independently dispositive. Instead, Jones urged the district court to consider all relevant circumstances collectively in determining whether extraordinary and compelling reasons existed.

Nothing in *Fernandez* or *Rutherford* eliminates a district court's obligation to evaluate a defendant's present-day individualized circumstances. Nor do those decisions prohibit courts from considering rehabilitation, medical conditions, mental-health conditions, institutional conduct, family circumstances, or other factors expressly contemplated by Congress and the Sentencing Commission. To the contrary, both decisions recognize that compassionate release remains available in appropriate cases involving extraordinary and compelling circumstances unrelated to collateral attacks upon a conviction or sentence.

Accordingly, *Fernandez* and *Rutherford* do not resolve the issues presented in this appeal. The question before this Court is not whether Jones may collaterally attack his sentence through § 3582(c)(1)(A), nor whether a nonretroactive legal

19

change independently justifies relief. The question is whether the district court properly exercised its discretion when evaluating Jones's current individualized circumstances. Because the district court failed to adequately consider those circumstances and failed to evaluate their combined effect, vacatur and remand remain appropriate notwithstanding *Fernandez* and *Rutherford*.

## CONCLUSIOIN

For the foregoing reasons, Defendant-Appellant Travis Gordon Jones respectfully requests that this Court vacate the district court's February 27, 2026 Order denying compassionate release and its May 21, 2026 Order denying reconsideration, and remand this case to the district court for further proceedings consistent with this Court's opinion.

In the alternative, Jones respectfully requests such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 30, 2026

TRAVIS GORDON JONES
Reg. No. 18171-029
FCI JESUP
Federal Correctional Institution
2680 Highway 301 South
Jesup, Georgia 31599

20

Appellate Case: 26-2167     Page: 22     Date Filed: 07/07/2026 Entry ID: 5658739